IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DSHAWN TURNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-112-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On January 27, 2020, Petitioner DShawn Turner filed a Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) challenging his conviction and sentence based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Court appointed the Federal Public Defender to evaluate Petitioner's claim (Doc. 4). On January 26, 2021, counsel moved to withdraw asserting that Petitioner has no discernable non-frivolous basis for seeking relief premised on *Rehaif* (Doc. 11). The Government also filed a response to Petitioner's 2255 Motion on April 28, 2021 (Doc. 18). Petitioner was given until June 2, 2021 to file a reply to the Government's brief (Doc. 17), and that time has now passed with a filing from Petitioner. For the following reasons, counsel's Motion to Withdraw is **GRANTED** and Petitioner's Motion is **DENIED**.

## Background

On December 21, 2016, Petitioner pled guilty to two counts: Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1) and Possession of

1

a Firearm with an Obliterated Serial Number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count 2). *See United States v. Turner*, Case No. 16-cr-30065-DRH, at Doc. 24. Petitioner entered a Stipulation of Facts on December 21, 2016. *Id* at Doc. 25. In relevant part, Petitioner stipulated that he knowingly possessed two handguns in Illinois which were not manufactured in Illinois, and that he was previously convicted of an offense "punishable by a term of imprisonment in excess of one year." *Id.* On April 7, 2017, Petitioner was sentenced to 60 months' imprisonment on each count, to be served concurrently, and to be followed by 2 years of supervised release to be served concurrently. *Id.* at Doc. 33. Petitioner did not file a direct appeal (Doc. 1).

## Legal Standard

28 U.S.C. § 2255 permits prisoners to petition their sentencing court for relief from their sentence if the sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under section 2255 is "reserved for extraordinary situations" and cannot substitute for direct appeals. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006); *see also Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). Therefore, issues not raised on direct appeal are barred from collateral review absent either a showing of good cause for the failure resulting in actual prejudice, or that a refusal to consider the issue would lead to a "fundamental miscarriage of justice." *Cross v. United States*, 892 F.3d 288, 294-95 (7th Cir. 2018); *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017).

**Discussion**

In *Rehaif v. United States*, 139 S.Ct. 2191 (2019), the Supreme Court held that to obtain a conviction under 18 U.S.C. § 922(g), which prohibits certain categories of persons from possessing a firearm, the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2194. Thus, for defendants charged under § 922(g)(1), which applies to felons, the Government must prove, or the defendant must admit, "that he knew he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020) (quoting 18 U.S.C. § 922(g)(1)) (internal markings omitted).

In his Section 2255 motion, Petitioner argues that his conviction should be vacated because he was not knowingly in violation of § 922(g) (Doc. 1, p 5). Petitioner's counsel moves to withdraw, asserting that Petitioner has no non-frivolous Section 2255 claims based on *Rehaif*, and Petitioner cannot demonstrate that he is "actually innocent" (Doc. 11). The Government argues similarly, asserting that Petitioner's claim is procedurally defaulted because he did not raise this issue on direct appeal (Doc. 18). The Government also argues that Petitioner cannot show prejudice so to excuse this procedural default and cannot establish that he is actually innocent (*Id.*).

Section 2255 cannot be employed as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval*, 574 F.3d at 850. "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre*, 847 F.3d at 843 (citing *Hale*

3

*v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013)). A petitioner may overcome procedural default by showing cause for the default and actual prejudice, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice. "Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is 'actually innocent' of the crimes of which he was convicted." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). Petitioner has made no argument that he is actually innocent of the offenses to which he pled guilty.

Petitioner's claim is procedurally defaulted because even if *Rehaif* allows him to satisfy the cause prong for procedural default, he fails to establish prejudice. An argument that Petitioner did not know he had been convicted of a crime punishable by a term of imprisonment of more than one year would not be plausible. At the time he was alleged to have unlawfully possessed a firearm, Petitioner had previously entered guilty pleas to felony offenses on at least four separate occasions. *See People of the State of Illinois v. DShawn Turner*, Case No. 11-CF-530 (St. Clair County, Illinois May 25, 2011) (plea of guilty to unlawful possession of a controlled substance) (Doc. 18-1); *People of the State of Illinois v. DShawn Turner*, Case No. 12-CF-633 (St. Clair County, Illinois, July 5, 2012) (plea of guilty to domestic battery – subsequent offense) (Doc. 18-2); *People of the State of Illinois v. DShawn Turner*, 12-CF-1127 (St. Clair County, Illinois Sept. 4, 2012) (plea of guilty to aggravative battery/great bodily harm) (Doc. 18-3); *People of the State of Illinois v. DShawn Turner*, Case No. 13-CF-132501 (St. Clair County, Illinois Sept. 30, 2013) (sentenced to a term of 2- years imprisonment for domestic battery – subsequent offense) (Doc. 18-4).

Additionally, Petitioner executed a Stipulation of Facts stating that he had a prior conviction for domestic battery, an offense "punishable by a term of imprisonment in excess of one year." *See United States v. Turner*, Case No. 16-cr-30065-DRH, at Doc. 25. As such, Petitioner well knew at the time of the offense that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, foreclosing his actual-prejudice and any actual-innocence arguments.[1] His Section 2255 petition must therefore be denied.

## Disposition

For the above stated reasons, Federal Public Defender Preston Humphrey's Motion to Withdraw (Doc. 11) is **GRANTED**; Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**; and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet

---

[1] Petitioner briefly states that he did not know about the "commerce statute of 922(g)" (Doc. 1), presumably, arguing that the Government could not prove that he knowingly possessed a firearm "in or affecting commerce." *See* 18 U.S.C. § 922(g). Even if *Rehaif* did impose such knowledge requirement on the Government (it did not), as further detailed in this opinion, this argument also fails because Petitioner's Stipulation of Facts clearly shows that Petitioner knew at the time of the offense that the handguns he possessed while in Illinois had not been manufactured in Illinois. *See United States v. Turner*, Case No. 16-cr-30065-DRH, at Doc. 25. The Seventh Circuit has held "on numerous occasions that as long as a firearm moved across state lines at some point prior to the defendant's possession of it, the possession satisfies § 922(g)(1)'s 'in or affecting commerce' requirement." *United States v. Rice*, 520 F.3d 811, 815 (7th Cir. 2008) (collecting cases).

this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012), *Tennard v. Dretke*, 542 U.S. 274, 281 (2004), *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the foregoing reasons, this Court has determined that Petitioner has not stated any grounds for relief under § 2255 and that reasonable jurists would not find that conclusion debatable or wrong. Thus, Petitioner has not made a "substantial showing of the denial of a constitutional right," and the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

Dated:  August 24, 2021

_____
DAVID W. DUGAN
United States District Judge